VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        24-AP-357



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2025

In re Appeal of K.P.*

}   APPEALED FROM:
}   Human Services Board
}   CASE NO. A-05/24-461

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the Human Services Board's decision dismissing her appeal as untimely.  We reverse and remand for further proceedings.

The Board made the following findings in its decision.  Petitioner was substantiated by the Department for Children and Families (DCF) for physical abuse of a child.  She requested review by the Commissioner.  The Commissioner's Registry Review Unit (CRRU) conducted a review meeting in March 2024, which petitioner and her attorney attended.  On April 17, 2024, the CRRU issued a decision upholding the substantiation.  The CRRU decision informed petitioner that she had the right to appeal to the Board "by writing to it within thirty (30) days of when this letter was date stamped by the Post Office."

Petitioner's attorney received the letter on April 20, 2024.  Petitioner mailed a request for an appeal on May 14, 2024.  The Board received the appeal request on May 20, 2024, and stamped it as filed on that date.

DCF moved to dismiss the appeal as untimely, arguing that the appeal period began to run on April 17.  In response, petitioner argued that DCF failed to establish that the decision was date stamped on April 17.  Alternatively, she argued that there was good cause for the Board to extend the deadline because the appeal letter took longer than usual to be delivered and the Board failed to date stamp her appeal on the date it was received, which she asserted was May 17.  Petitioner asked the Board to deny DCF's motion without a hearing, but "[i]f the Board determines that an evidentiary hearing is necessary," she requested an opportunity to subpoena the various individuals involved in mailing and delivering the CRRU decision and her appeal request.

The envelope containing the letter was not submitted as evidence.  The Board found, however, that petitioner's attorney's receipt of the letter on April 20 supported DCF's assertion that it was mailed on April 17.  The Board found that the Board's clerk received petitioner's appeal on May 20, 2024, thirty-three days later.  Because petitioner did not demonstrate that these facts were genuinely disputed, the Board concluded that an evidentiary hearing was

unnecessary. The Board found that petitioner did not demonstrate good cause for extending the deadline because she did not mail the appeal with sufficient time to allow delivery. It rejected petitioner's claim that the Board failed to properly stamp her appeal when it arrived because petitioner presented no evidence to support this assertion. The Board therefore dismissed the appeal. This appeal followed.

Section 4916b of Title 33 governs appeals to the Board from substantiation decisions. It provides that "[w]ithin 30 days after the date on which the administrative reviewer sent notice, the person who is the subject of the substantiation may apply in writing to the Human Services Board for relief." 33 V.S.A. § 4916b(a); see also Child Protection Registry and Administrative Review Process § 3009.08, Code of Vt. Rules 13 172 300, http:// www. lexisnexis. com/ hottopics/codeofvtrules ("Within 30 days of the date on which the administrative reviewer mailed notice of placement on the Registry, the grievant may apply for relief, in writing, to the Human Services Board."). "If no review by the Board is requested, the Department's decision in the case shall be final, and the person shall have no further right for review under this section. The Board may grant a waiver and permit such a review upon good cause shown." 33 V.S.A. § 4916b(d). "In reviewing the merits of a case appealed from the Human Services Board, we will not set aside findings unless clearly erroneous, and we give deference to a determination of the board within its area of expertise." Zingher v. Dep't of Aging & Disabilities, 163 Vt. 566, 572 (1995) (citation omitted).

Petitioner argues that the Board erred in concluding that her appeal was untimely because she mailed her appeal on May 14, within thirty days of the April 17 decision. She further argues that due process required the Board to treat the appeal period as beginning on the date when she received the CRRU decision, April 20, because DCF did not produce a date-stamped envelope demonstrating when the decision was mailed. Petitioner alternatively claims that, even if the appeal was untimely, the Board abused its discretion in determining that there was no good cause for waiving the thirty-day appeal period given the ambiguity surrounding when the decision was mailed. We conclude that the Board gave inadequate consideration to the latter argument and therefore reverse and remand for the Board to reconsider whether good cause existed to waive the appeal period.

The substantiation statute provides that the Board may waive the appeal period "upon good cause shown." 33 V.S.A. § 4916b(d). "[T]he good cause standard is applied when determining whether the offender at issue had a valid reason for failing to meet the appeals deadline." In re M.S., 2017 VT 64, ¶ 20, 205 Vt. 204. "This requires the reason to be outside of the petitioner's power: '[g]ood cause refers to situations in which there is no fault on the movant's part.' " In re M.R., 2025 VT 6, ¶ 31 (alteration in original) (quoting In re M.S., 2017 VT 64, ¶ 20).

The relevant date for purposes of calculating the appeal period is the date when the administrative reviewer sent notice to petitioner. 33 V.S.A. § 4916b(a). There was no direct evidence of when that occurred in this case. The Board did not send the decision by certified mail, and petitioner did not receive the letter until April 20. The Board relied on an affidavit from a DCF employee who stated that she put the letter in the outgoing mail on April 17, and an affidavit from a state postal center employee who stated that mail is typically stamped and picked up by the U.S. Postal Service on the same day. However, petitioner was not offered an opportunity to challenge these assertions. The Board concluded that good cause did not exist because petitioner did not timely file her appeal, but did not engage with petitioner's argument that, absent a date stamp, she had no way of determining precisely when the appeal period began. Moreover, petitioner mailed her notice of appeal on May 14, but the Board did not receive it

2

until May 20, suggesting a postal delay.  Cf. <u>In re M.R.</u>, 2025 VT 6, ¶ 33 (citing nondelivery of appeal by Postal Service as example of good cause).  Given these circumstances, we conclude that a remand is necessary for the Board to reconsider whether good cause existed to extend the appeal period here.

<u>Reversed and remanded for further proceedings consistent with this opinion</u>.

BY THE COURT:

Paul L. Reiber, Chief Justice

Karen R. Carroll, Associate Justice

Nancy J. Waples, Associate Justice

3